UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANTU ALI BEY,

        Plaintiff,                             No. 19-10521

v.                                       District Judge Paul D. Borman
                                            Magistrate Judge R. Steven Whalen

FCA US LLC,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

On February 20, 2019, Plaintiff Bantu Ali Bey filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e *et seq*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*. Before the Court is Defendant's Motion for Judgment on the Pleadings [ECF No. 12], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

## I.    FACTS

Plaintiff was employed by Defendant for a number of years under the name Lloyd Hawkins, and worked his last eight years under the name Bantu Ali Bey. *Complaint*, ECF No.1, PageID.6. He alleges that on October 10, 2016, he met with Defendant's human resources manager, who told him he had to provide documentation to complete his Form I-9, in which he appears to have requested a name change to Bantu Ali Bey and a nationality change to Moorish American. *Id*. His union representative informed him that according to Defendant's lawyers, his "ID's and nationality were not federally recognized

and that [he] could work there only as a U.S. citizen...." *Id*. Plaintiff states that he was terminated following an arrest and "wrongful conviction." *Id*., PageID.6-7.

The complaint is unclear as to the basis of Plaintiff's arrest and conviction. He states, at PageID.6, "I was wrongfully arrested and falsely imprisoned while working for exercising a right to a common law name change," and states at Page ID7 that he was terminated "behind a false arrest, which was in violation of law." However, in his response to this motion [ECF No. 15], Plaintiff states that in early 2016, he appeared several times before Judge Carl Gerds III of the 38th District Court, apparently in a case arising out of a traffic stop. Plaintiff states that he attempted to remove the case to this Court, referencing E.D. Mich. Docket No. 16-11405. In that case, Judge David M. Lawson, finding that the case involved an ordinance violation for not carrying proof of insurance in an automobile, and that there was no basis for removal to this Court, remanded the case back to 38th District Court.

Plaintiff alleges that the discriminatory acts underlying his complaint were based on Defendant's failure to rehire him, and that these acts occurred on October 10, 2016 and August 1, 2017. *Complaint*, ECF No.1, PageID.5. Attached to Defendant's motion as Exhibit 3 is the Charge of Discrimination that Plaintiff filed with the EEOC. The charge alleges that he attempted to return to work as early as May 20, 2017. ECF No. 12-4, PageID.92. It may be inferred, therefore, that Plaintiff's employment with Defendant was terminated prior to October 10, 2016.

Plaintiff filed his charge with the EEOC on May 16, 2018. The EEOC mailed him a Right to Sue Letter on November 21, 2018. He filed his complaint in this Court on February 20, 2019.

## II.  STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).  Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." "  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)).  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

### III. DISCUSSION

#### A. The 2016 Charge of Discrimination

Title VII requires a plaintiff to file a charge of discrimination within 300 days of the alleged discriminatory practice. 42 U.S.C. § 2000e-5(e). "[T]he applicable limitations provision of Title VII bars recovery for employment discrimination that occurred more than 300 days" before filing an EEOC charge. *Risch v. Royal Oak Police Dept.*, 581 F.3d 383, 387 fn2 (6th Cir.2009) (citing 42 U.S.C. § 2000e–5(e)(1)).

Plaintiff claims that Defendant failed to re-hire him, based on his national origin and his age, on October 10, 2016. He filed his EEOC charge 595 days later, on May 16, 2018. His claims regarding the 2016 failure to hire must therefore be dismissed.[1]

#### B. The 2017 Charge of Discrimination

Plaintiff alleges that Defendant's failure to hire him August 1, 2017 was based on national origin and age discrimination. His EEOC charge was filed on May 16, 2018, 288 days later, and was thus timely under the 300-day rule of 42 U.S.C. § 2000e-5(e).

A federal civil complaint must then be filed within 90 days of the plaintiff's receipt of a right to sue letter. 28 U.S.C. §2000e-16(c); *Peete v. American Standard Graphic*, F.2d 331 (6th Cir. 1989). The EEOC mailed its right to sue letter on November 21, 2018. It is presumed that a plaintiff received the right to sue letter five days after it was mailed. *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986). Thus, the latest date for Plaintiff to have filed his complaint would have been February 24, 2019, 95 days after the EEOC mailed the right to sue letter. In fact, he filed his complaint on February 20, 2019, bringing it within the statute of limitations as to the August 1, 2017 claim.

---

[1] For the reasons discussed in the following section, Plaintiff has also failed to assert fact that would plausibly support a claim for either national origin or age discrimination.

The Defendant argues that the employment application that Plaintiff signed on March 30, 1994, *see* ECF No. 12-3, PageID.90, at ¶ 8, contains a contractually agreed-upon reduction of the statute of limitations for employment-related claims to six months, and that Plaintiff's complaint falls well outside that truncated limitations period. That provision reads:

> "I agree that any claim or lawsuit *relating to my service with Chrysler Corporation* of any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary." (Emphasis added).

The problem with Defendant's argument is that before Plaintiff filed this lawsuit, the Defendant terminated his employment. His claim relates to an alleged discriminatory failure to hire, not to his "service with Chrysler Corporation." Because the alleged discriminatory act did not occur while Plaintiff was Defendant's employee, the previous employment agreement is inapplicable. In other words, when Plaintiff was fired, he lost the right to receive wages and other employment benefits, and Defendant lost the right to enforce a restricted statute of limitations for Title VII claims.

Although Plaintiff's 1917 claims are timely, they must be nevertheless be dismissed because they do not meet the plausibility standard of *Iqbal*.

Plaintiff's claim of national origin discrimination is based on his self-identification as a Moorish American. Although he acknowledges that he worked as a United States citizen for the first 15 years of his employment, he now claims legal right as an "indigenous person." *See Complaint*, ECF No. 1, PageID.6.[2]

---

[2] Plaintiff's complaint also cites the United Nations Rights of Indigenous People, Art. 8 and 17. Page ID 10. However, as the Court noted in *Bey v. Brown*, 2017 WL 1179126, at *5 (N.D. Ohio 2017), "Similar claims have been repeatedly rejected by courts and labeled as frivolous. See *Moorish Science Temple of America 4th & 5th Generation v. Superior Court of New Jersey*, No. 11-7418 (RBK), 2012 WL 123405 (D.N.J. Jan. 12,

Numerous Courts have held that "Moorish Americans" or variations thereof are not a federally recognized group to which the national origins provision of Title VII applies. *See Bey v. Oakton Cmty. Coll.*, 2015 WL 5732031, at *4 (N.D. Ill. 2015)("As a threshold matter, the plaintiffs have failed to plausibly allege that 'Aboriginal–Indigenous Native American/Moor,' or any of the other variations the plaintiffs use to describe their claimed national origin, is a protected class under Title VII or any applicable civil rights statute"[3]; *Tum-Re v. Keel*, 2016 WL 2990944, at *1–2 (N.D. Ohio 2016)(citing *Oakton Cmty. Coll.* (rejects national origins claim where Plaintiff's "national origin discrimination claim is premised on his self-proclaimed membership and affiliation with non-nationally recognized tribal groups"); *Boyd v. United States*, 2016 WL 8291222, at *3–4 (S.D. Ohio 2016) (self-described aboriginal indigenous Native American Moor individuals do not credibly allege a protected national origin); *Wilson v. Art Van Furniture*, 230 F.3d 1358, 2000 WL 1434690, at *1 (6th Cir. 2000)(Table)(plaintiff, who was born in the United States but who declared himself a member of the "Washitaw de Dugdahmoundyah Empire," could not establish a Title VII national origin claim "because he could not show that he was a member of any federally-protected class.).

Plaintiff admits in his complaint that he is a United States citizen. While he has a right to change his name and a right to call himself a Moorish American, he does not have the right to use that self-identification to claim discrimination on the basis of national

---

2012) (outlining history of Moorish claims in Federal Courts); *El-Bey v North Carolina*, No. 5:11-CV-00423-FL, 2012 WL 368374, at *2 (E.D.N.C. Jan. 9, 2012) ("[A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous.").

[3] The Court added, at fn. 9, "[T]hose who claim to be 'Aboriginal Indigenous Native American Moors' of any stripe fail to allege a national origin that may serve as the predicate for [federal civil rights] claim."

origin under Title VII.  Accordingly, that claim must be dismissed.

Plaintiff also raises a claim of age discrimination.  However, apart from stating his age as 65, he has not asserted any facts that would make out a prima facie case of discrimination under the ADEA.  To establish a prima facie case, a Plaintiff must establish that  (1) he was a member of a protected class (over 40 years old); (2) he was subject to an adverse employment decision; (3) he was qualified for the position he held; and (4) that he was replaced by someone of a different class (under 40 years old), or treated differently than persons in a different class (under 40 years old), such that it supports an inference of discrimination. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523-28 (6th Cir. 2008).  In a failure to hire claim, a plaintiff establishes a prima facie case by showing: (a) he belongs to a protected class; (b) he applied for and was qualified for a job which the employer was seeking applicants; (c) despite his qualifications, he was rejected; and (d) after his rejection, the position remained open and the employer continued to seek applications from persons of the prospective employee's qualifications and/or that a person outside of his protected class was hired.  *Birch v. Cuyahoga Cty. Probate Court*, 392 F.3d 151, 166 n.12 (6th Cir. 2004).

Plaintiff's complaint establishes that he was 40 years old, and that he was not re-hired. That's it. And even if we generously assume that he at least implied that he was qualified for the job–after all, he had worked there for 22 years–there are no allegations that an open position (if there was one) remained open or that a younger person was hired. The Plaintiff has therefore not stated a plausible claim under the ADEA.

### C. Fourth and Fourteenth Amendment Claims

Apart from the fact that Plaintiff has not alleged any facts that would substantiate a claim of an illegal search and seizure, the Fourth and Fourteenth amendments apply to

governmental entities and employees, not to private companies such as FCA US LLC. *See United States v. Jacobsen*, 446 U.S. 109, 114 (1984).  Plaintiff appears to recognize this in his response, ECF No. 15, PageID.203, stating merely that Defendant knew about an allegedly illegal arrest authorized by the State district court judge. Plaintiff has cited no legal authority, nor am I aware of any, that assigns Fourth Amendment liability to a private company based on knowledge of the actions of a judge.

## IV.   CONCLUSION

I recommend that Defendant's Motion for Judgment on the Pleadings [ECF No. 12] be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/R. Steven Whalen  
        R. STEVEN WHALEN  
        UNITED STATES MAGISTRATE JUDGE

Dated: October 15, 2019

## CERTIFICATE OF SERVICE

I hereby certify on October 15, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 15, 2019.